## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WELLS FARGO BANK, N.A., Trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-CIBC20, Commercial Mortgage Pass-Through Certificates, Series 2007-CIBC20,<br><br>Plaintiff,<br><br>v.<br><br>CANNING BOULEVARD ASSOCIATES, LLC,<br><br>Defendant. | Civil Action No.: 17-cv-10582 |

### ORDER APPOINTING RECEIVER

Upon Plaintiff's Verified Complaint and Assented-To Motion for Appointment of a Receiver to take possession of the property of the defendant, Canning Boulevard Associates, LLC ("Canning Boulevard" or "Defendant"), the court finds as follows:

1.      Plaintiff, Wells Fargo Bank National Association, Trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-CIBC20, Commercial Mortgage Pass-Through Certificates, Series 2007-CIBC20 ("Plaintiff") has established that an event of default by Defendant has occurred under the terms of a promissory note (the "Note") and a Mortgage, Assignment of Leases and Rents and Security Agreement (the "Mortgage");

2.      Under the Mortgage and the Assignment of Leases and Rents, Defendant agreed that Plaintiff would be entitled to apply for the appointment of a receiver in the event of a

default, without notice or demand, and without regard for the adequacy of the security for the debt and without regard for the solvency of the Defendant; and

3.      Defendant has subsequently affirmed its assent to the appointment of a receiver.

It is therefore ORDERED and ADJUDGED that, until further order of the court:

1.      Stuart F. Pratt of NAI Hunneman be and hereby is appointed receiver (the "Receiver") of the real property of the Defendant located in Fall River, Massachusetts, and as more particularly described in the Mortgage (the "Mortgaged Property"), and Receiver is hereby authorized, subject to jurisdiction of this Court and the laws regarding receivership, to do any and all of the following acts necessary for the proper and lawful conduct of the receivership:

a.      **Receiver's Exclusive and Complete Control over the Mortgaged Property.**

Receiver is authorized to take and have complete and exclusive control and possession of the Mortgaged Property, together with any and all funds held in Mortgaged Property-related accounts, including, without limitation, funds held as security deposits and all other funds related to accounts receivable, payment rights, cash and cash equivalents, along with any and all information necessary to operate the Mortgaged Property, including but not limited to all security codes, combinations, passwords and other access codes and all other collateral securing the indebtedness owed to Plaintiff.  Defendant shall also provide Receiver with bank statements showing that all funds in any and all Mortgaged Property-related accounts were in fact transferred to Receiver;

b.      **Items to be Delivered to Receiver by Defendant.**

Defendant and all persons acting under its direction, including but not limited to officers, directors, managers, agents, representatives, independent contractors, partners, affiliates, attorneys, accountants, shareholders, and employees, are ordered to deliver possession to

Receiver, without any right of offset or recoupment, of the Mortgaged Property and all other

collateral securing the indebtedness owed to Plaintiff, including but not limited to: (1) cash

collateral (whether consisting of cash on hand, cash in any and all bank accounts or other

accounts, all rights to security deposits, including, but not limited to, amounts that Defendant

may have deposited with utility companies, all rights to unearned insurance premiums or claim

proceeds, or pre-payments of any kind, and all other cash and cash equivalents); (2) all keys; (3)

all loans (if any) between Defendant and any affiliated entities and/or between Defendant and

any third parties (excluding Plaintiff), together with any communications and correspondence

files relating thereto; (4) security deposits, rent, prepaid rent, other sums relating to the use,

enjoyment, possession, improvement or occupancy of all or any part of the Mortgaged Property

and any accounts of any of the foregoing; (5) a current list of the occupants of the Mortgaged

Property, including the complete tenant ledgers with respect to each occupant; (6) complete

tenant files, tenant histories and all communications and correspondence pertinent thereto for the

two years preceding the date of this Order and for previous years at Receiver's reasonable

request; (7) any and all accounts receivable and accounts payable reports; (8) any and all

contracts in effect with respect to the Mortgaged Property and all communications and

correspondence pertinent thereto, including, but not limited to, all service contracts and warranty

information and contracts with vendors who provide or have provided services at the Mortgaged

Property; (9) any and all files relating to contracts, bids or other materials relating to any

contractor work performed at the Mortgaged Property during the two years preceding the date of

this Order and for previous years at Receiver's reasonable request; (10) any and all payroll

records, employee files, applications and other materials relevant to those persons employed at

the Mortgaged Property for the two years preceding the date of this Order and for previous years

at Receiver's reasonable request; (11) any and all insurance policies covering the Mortgaged Property, and all communications and correspondence pertinent thereto; (12) any and all bank statements and records relating to any accounts associated with the Mortgaged Property; (13) any and all records relating to pending or current litigation; (14) any and all leases and any and all subleases in effect with respect to the Mortgaged Property and all communications and correspondence pertinent thereto; and (15) any and all other records pertaining to the operation and management of the Mortgaged Property reasonably requested by Receiver.  Defendant, and its officers, servants, agents, and attorneys, are hereby restrained and enjoined from collecting any of the debts or accounts due to the Defendant, and from using, spending, injuring, conveying, transferring, selling, or in any manner disposing of or encumbering any of the effects or property aforesaid, except to deliver them into the hands of the Receiver.

      c.     **Receiver's Right to Prevent Waste of, and to Preserve, the Mortgaged Property.**

Effective immediately, Receiver is ordered to take any and all actions Receiver deems reasonable and appropriate to prevent waste to the Mortgaged Property and to preserve, secure, manage, maintain and safeguard the Mortgaged Property and all other forms of property to which Receiver is entitled to take possession and control under this Order, provided however, that Receiver shall not have any power to sell the Mortgaged Property;

      d.     **Receiver Vested with the Information Related to the Mortgaged Property.**

Receiver is vested with the books and records of Defendant with respect to operation of the Mortgaged Property and other property subject hereto for the two years preceding the date of this Order and for previous years at Receiver's request, including any and all information related to: (1) rent rolls and leases affecting the Mortgaged Property, including, but not limited to, leases for current and former tenants and a detailed accounting of all security deposits for current and

former tenants; (2) amounts paid by lessees and other obligors of Defendant; (3) liens, encumbrances and other interests against or affecting the Mortgaged Property; (4) property taxes and assessments owed by Defendant and previously paid by Defendant; (5) all types of insurance affecting the Mortgaged Property, including but not limited to, any and all information regarding any pending or settled insurance claims; (6) plans, specifications, surveys and drawings of the Mortgaged Property, including, but not limited to, building and individual floor plans, elevator and/or escalator plans and mechanical system plans; (7) any and all maintenance logs and repair records for all systems in place at the Mortgaged Property; (8) access codes to any of the Mortgaged Property; (9) all operating, income, financial and monthly statements of Defendant and any management company retained by Defendant, including but not limited to, any and all general ledgers, balance sheets, check registers, budgets and monthly billings; (10) all current account numbers for all utility companies; (11) any and all current marketing materials and information, including, but not limited to, any prospect reports; and (12) all other aspects of the Mortgaged Property;

      **e.**      **Receiver's Right to Manage, Maintain, and Operate the Mortgaged Property.**

Receiver is authorized to manage, operate, and lease the Mortgaged Property and to employ such managers, agents, employees, servants, brokers, accountants and attorneys as may in Receiver's reasonable judgment be advisable or necessary in the management, conduct, control or custody of the affairs of the Defendant and its assets subject to the consent of the Plaintiff or further order of this Court;

      **f.**      **Receiver's Right to Eject Tenants or Repossess Personal Property**

Receiver is authorized to eject any tenants from the Mortgaged Property and/or repossess the personal property of tenants, as provided by law, for any breaches of the conditions of their leases or other agreements with Plaintiff or Defendant;

g.   **Receiver's Right to Collect Amounts Due.**

Receiver is authorized to receive and collect any and all sums due or owing to Defendant in any manner related to the Mortgaged Property, whether the same are now due or shall hereafter become due and owing, to deposit such sums into an account established and maintained by Receiver and to expend such sums on the operation and management of the Mortgaged Property in the ordinary course of its business;

h.   **Legal Actions Related to the Mortgaged Property.**

Receiver is authorized to institute, prosecute, defend, compromise and/or intervene in or become a party to such actions or proceedings in state or federal courts necessary for the protection, maintenance and preservation of the assets of Defendant and to carry out the terms of this Order, including but not limited to, the collection of rents, payments, income, or proceeds and other amounts now or hereafter becoming due, the removal of tenants or other persons from the Mortgaged Property and/or the defense against any action brought against Receiver acting in such capacity;

i.   **Insurance.**

Receiver is authorized to maintain appropriate property insurance for the Mortgaged Property, public liability insurance, worker's compensation insurance, fire and extended coverage insurance, burglary and theft insurance and other types of insurance normally obtained in connection with the operation and management of the Mortgaged Property; and is authorized to continue any current policies in place and to purchase further insurance, if needed.

6

Notwithstanding the foregoing, if no insurance is in place, or if in Receiver's reasonable discretion the insurance in place is inadequate, Receiver shall notify Plaintiff within five (5) business days of learning of the lapse or lack of insurance coverage so that Plaintiff shall have the option to force-place insurance in the amount it deems necessary, and in the event that Plaintiff elects not to procure such insurance, then Receiver may purchase further insurance as Receiver deems appropriate to comply with the provisions of the Loan Documents. Receiver and its property manager are to be named as additional named insureds, as Receiver deems fit, on all such insurance policies. If Receiver cancels any existing insurance coverage, Defendant shall turn over to Receiver any unearned premiums;

   j.     **Payment of Property Taxes and Assessments; Preparation and Filing of Tax Returns for the Mortgaged Property.**

Receiver is authorized to (1) pay all current and past due real estate taxes and assessments, personal property taxes and any other taxes and assessments against the Mortgaged Property, and (2) prepare and file tax returns with respect to the Mortgaged Property, and other property subject hereto, as may be required by law, provided, however, Receiver is not responsible for the preparation of tax returns for Defendant or any of its affiliates;

   k.     **Property Protection Advances from Plaintiff.**

Receiver and Plaintiff are authorized to enter into transactions by which Plaintiff may, but shall have no obligation to, fund to Receiver property protection advances (on a nonrecourse basis as to Receiver) to enable Receiver to perform Receiver's duties hereunder, which may be advanced pursuant to the applicable pooling and servicing agreement and the loan documents, and will be secured by the liens, security interests, terms and provisions contained within the loan documents;

l.      **Leases; Payment of Utilities; Maintenance of the Mortgaged Property; Compliance with Laws.**

Receiver is authorized to: (1) negotiate and enter into new leases, occupancy agreements and contracts in the ordinary course of the business of the Mortgaged Property provided that such lease or occupancy agreement shall not be entered into without the Plaintiff's prior written consent; (2) modify existing leases, occupancy agreements and contracts in the ordinary course of the business of the Mortgaged Property provided that no such modification shall be entered into without the Plaintiff's prior written consent; (3) make repairs necessary to the maintenance of the Mortgaged Property in order to preserve the Mortgaged Property in the ordinary course of business, provided however that no expenditures in excess of $5,000 shall be made without Plaintiff's prior consent; and (4) comply with all requirements and regulations applicable to the Mortgaged Property.  Receiver is also authorized to pay all utilities, expenses and other obligations secured by the Mortgaged Property or which may give rise to liens on the Mortgaged Property, and all other outstanding obligations to suppliers and service providers in the ordinary course of business, so long as Receiver has determined that it is prudent to do so in order to maintain business relationships that are beneficial to the conduct of the receivership. Notwithstanding the foregoing, the Receiver shall not be liable for any obligation of Defendant relating to the Mortgaged Property that arose prior to the Effective Date of this Order, including without limitation, any contingent or unliquidated obligations, taxes of any kind, assessments, utility charges, or goods or services provided to Defendant or the Mortgaged Property, nor shall Plaintiff or the Receiver be obligated to advance any funds to pay any expense of maintenance or other liability of the Mortgaged Property, unless the Plaintiff decides, in its sole discretion, to advance such funds to maintain or preserve the Mortgaged Property, in which case the repayment of all such funds advanced shall be secured by the Loan Documents.

8

m.     **Application of Income and Funds of the Mortgaged Property.**

Receiver is authorized to make payments and disbursements in the ordinary course of business and to make such payments and disbursements as may be needed and proper for the preservation of the Mortgaged Property and other property of Defendant.  Receiver is permitted to apply income from the Mortgaged Property, subject to the lien rights of Plaintiff, as follows: (1) Receiver's approved fees and expenses; and (2) the current operating expenses of the Mortgaged Property in the ordinary course of business.  Receiver is hereby authorized to pay: (i) Mortgaged Property funds and income to Plaintiff to reduce the indebtedness owed by Defendant to Plaintiff under the Loan Documents; and (ii) such other obligations incurred;

n.     **Receiver's Cash on Hand.**

Receiver is permitted to maintain sufficient cash on hand to enable Receiver to meet the expenses of operating and maintaining the Mortgaged Property, which are authorized herein, and any excess cash flow shall be distributed to Plaintiff;

o.     **Payment of Mortgaged Property Expenses.**

Receiver is permitted to pay all expenses incurred with regard to the Mortgaged Property in the normal and ordinary course of business of the Mortgaged Property by Receiver on or after the date Receiver is appointed.  Neither Receiver nor Plaintiff shall be liable for any expenses incurred with regard to the Mortgaged Property prior to Receiver taking possession of the Mortgaged Property, nor shall Receiver or Plaintiff be required to use any rents or additional funds advanced by Plaintiff or other revenues collected after Receiver takes possession of the Mortgaged Property in payment of such expenses.  Notwithstanding the foregoing, Receiver may, in Receiver's reasonable discretion, pay those expenses that were incurred in the normal and ordinary course of business of the Mortgaged Property and that were incurred prior to

Receiver taking possession of the Mortgaged Property, if the payment of any such pre-existing expenses is necessary and appropriate to the ongoing operation of the Mortgaged Property (e.g., utilities).   Notwithstanding the foregoing, any invoices over $5,000 must be approved by Plaintiff prior to Receiver paying such invoices.  It shall be incumbent upon Receiver, in Receiver's sole and absolute discretion, to make a determination as to which expenses, if any, incurred prior to the Receiver's taking possession of the Mortgaged Property, were incurred in the normal and ordinary course of business and the payment of which is necessary and critical to the ongoing operation of the Mortgaged Property.  Receiver's determination of such is binding on the parties hereto and will not be overturned by this Court.  Otherwise, no pre-existing expenses shall be paid by Receiver without written approval by Plaintiff or further order of this Court;

       **p.**       **Inventory of the Property.**

The Receiver is required to file in the office of the clerk of this Court, within thirty days after the date of entry of this order, under oath, a detailed inventory of the property of which he has possession, or the right of possession, with the estimated value thereof, together with a list of encumbrances thereon; and also a list of the creditors of the receivership and of the Defendant, so far as known to him;

       **q.**       **Required Reporting.**

Receiver is required to maintain accurate accounting and other records of its activities in connection herewith and shall file reports detailing the results from operations of the Mortgaged Property on a monthly basis or as subsequently ordered by the Court.  Such reports shall include a full financial package including a balance sheet, profit and loss report, budget variance report, rent roll, tenant receivables, accounts payable listing, general ledger, back reconciliations, and other financial information pertaining to the Mortgaged Property and shall be filed no later than

30 days after the last day of each month.  The Receiver shall file a final report no later than 60 days after the receivership is terminated (whether by court order or otherwise).  The Receiver shall also prepare and file any other reports that may be required by the Court and serve a copy of the same on Defendant; and

          r.        **Receiver's Authority.**

The authority granted to Receiver is self-executing.  Notwithstanding anything contained herein to the contrary the Receiver may not incur out of the ordinary expenses without the prior written approval of Plaintiff or as approved, after due notice to the Plaintiff, by this Court, and all invoices over $5,000 must be approved by Plaintiff.  The Receiver is not authorized and shall not, without the prior written consent of the Plaintiff in all instances, market, sell or offer for sale, or engage any broker or agent to market, sell or solicit offers for purchase, all or any portion of the Mortgaged Property or other collateral, or to offer or facilitate an assumption of the Loan.

IT IS FURTHER ORDERED THAT:

Nothing in this Order shall impair or in any manner prejudice the rights of Plaintiff to receive payment of the Rents pursuant to the terms and provisions of the Loan Documents.

IT IS FURTHER ORDERED THAT:

The Receiver is hereby authorized to remit to Plaintiff all funds, proceeds and rents, including the Rents, that constitute collateral of Plaintiff for application to the indebtedness of Defendant under the Loan Documents, to the extent not expended for any of the purposes herein authorized.

IT IS FURTHER ORDERED THAT:

Plaintiff shall maintain the right and ability to foreclose on the Mortgaged Property, with or without the Receiver's permission.  Plaintiff may also petition this Court at any time to terminate the receivership.

IT IS FURTHER ORDERED THAT:

Any of the parties may apply to the Court from time to time for such further directions or orders as may be necessary.

IT IS FURTHER ORDERED THAT:

The Receiver may apply to the Court for instructions, and the Court reserves the right to make and enter such further orders, upon appropriate application, as may be necessary or desirable of the administration of the estates.

IT IS FURTHER ORDERED THAT:

The Receiver, its agents and attorneys shall not be personally liable for any actions or inaction arising out of the discharge or performance of the Receiver's duties and powers, unless such actions or inaction are grossly negligent or in bad faith.

SO ORDERED,

*Richard D. Stearns*

:UNITED STATES DISTRICT JUDGE

Dated: *April 7, 2017*

12